MH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josmer Jose Sosa Rojas, | No.   CV-26-01822-PHX-KML (JZB) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.)

Petitioner states that he is a native and citizen of Venezuela who was paroled into the United States for a two-year period in October 2024 for the purpose of applying for asylum. (*Id.* ¶ 1.) For over a year, Petitioner attended regular check-ins with Immigration and Customs Enforcement (ICE) while he pursued asylum. (*Id.* ¶ 2.) On June 26, 2025, an Immigration Judge denied Petitioner's asylum application. (*Id.*) Petitioner appealed the decision, and his appeal remains pending before the Board of Immigration Appeals. (*Id.*) On January 19, 2026, Petitioner was arrested by ICE officials and detained without a pre-deprivation hearing. (*Id.* ¶ 4.) Petitioner seeks release from custody on

---

[1] In addition to his Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

grounds that his detention violates the Due Process Clause and the procedures set forth in the Immigration and Nationality Act and governing regulations. (*Id.* at 35.)

Numerous courts have concluded that individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury and submitted by individuals with personal knowledge of the factual statements made therein.

**IT IS ORDERED:**

(1)    Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(3)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov,

Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5) Respondents must show cause no later than **March 25, 2026**, why the Petition should not be granted.

(6) Petitioner may file a reply no later than **March 27, 2026**.

Dated this 19th day of March, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**